Joseph HALL, Appellant,

v.

The STATE of Texas, Appellee.

No. 09 83 163 CR.

Court of Appeals of Texas,
Beaumont.

Oct. 24, 1984.

James DeLee, Nederland, for appellant.

John R. DeWitt, Asst. Criminal Dist. Atty., Beaumont, for appellee.

## OPINION

McNICHOLAS, Justice.

This is an appeal from a conviction for the offense of murder; punishment assessed by the jury was imprisonment for 15 years.

On or about March 5, 1982, Nancy Sims died from a gun shot wound allegedly inflicted by appellant while appellant was inside the deceased's residence. The deceased was appellant's former wife. Peter Bell, appellant's brother-in-law, testified that he received a telephone call from appellant at 3:30 p.m. the day of the shooting, informing him that appellant had killed Nancy, the former wife. Police arrived at the scene within moments and found the body, a weapon, and the appellant, and took appellant into custody.

During the trial, the circumstances of the divorce were introduced. The appellant, testifying in his own behalf, stated that he did not remember shooting the deceased. A psychologist, called as an expert by appellant, testified that appellant suffered a repression, a normal reaction to this type of a traumatic situation, and that the repression would occur regardless of how the deceased was killed.

Appellant's first ground of error is that the trial court erred in failing to charge on the lesser included offenses of involuntary manslaughter and criminally negligent

homicide which though timely requested were refused.

The trial court did charge the jury, in addition to murder, on voluntary manslaughter and, at the request of the State, on accident. Based on the testimony referred to above, appellant contends that the evidence required the trial court to charge on the lesser included offenses.

*TEX.PENAL CODE ANN. sec. 19.-05(a)(1)* (Vernon 1974) states that the offense of involuntary manslaughter is committed when a person recklessly causes the death of an individual. Recklessness is defined by the *TEX.PENAL CODE ANN. sec. 6.03(c)* (Vernon 1974) as:

A person acts recklessly, or is reckless, with respect to circumstances surrounding his conduct or the result of his conduct when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint.

*TEX.PENAL CODE ANN. sec. 19.07(a)* (Vernon 1974) states that criminally negligent homicide is committed when a person causes the death of an individual by criminal negligence. Criminal negligence is defined by the *TEX.PENAL CODE ANN. sec. 6.03(d)* (Vernon 1974) as:

A person acts with criminal negligence, or is criminally negligent, with respect to circumstances surrounding his conduct or the result of his conduct when he ought to be aware of a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that the failure to perceive it constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint.

■ The test as to whether a charge on a lesser offense is required is two-fold: (1) the lesser included offense must be included within the proof necessary to establish the offense charged and (2) there must be some evidence in the record that if the defendant is guilty, he is not guilty of the alleged offense but is guilty only of the lesser offense. *Royster v. State,* 622 S.W.2d 442, 446 (Tex.Crim.App.1981); *Wilder v. State,* 583 S.W.2d 349 (Tex.Crim. App.1979) *vacated and remanded,* 453 U.S. 902, 101 S.Ct. 3133, 69 L.Ed.2d 987 (1981). But, mere speculation, conjecture or surmise does not meet the test. There is no hard evidence to show the appellant would be guilty of only the lesser included offenses in appellant's requested charge. This ground of error is overruled.

■ Appellant's second ground of error is that the trial court erred in overruling appellant's timely objection to improper argument of the State. The State's argument at the punishment phase was to refer to a trip taken by the deceased to return her sister home, saying the sister had been staying with the deceased because of the appellant. The State went on to say the deceased was "afraid to be alone." We do not find the argument extreme or manifestly improper or injecting new and harmful facts to constitute reversible error. *Duffy v. State,* 567 S.W.2d 197 (Tex.Crim.App.), *cert. denied,* 439 U.S. 991, 99 S.Ct. 593, 58 L.Ed.2d 666 (1978); *Brown v. State,* 535 S.W.2d 640 (Tex.Crim.App.1976); *Mayberry v. State,* 532 S.W.2d 80 (Tex.Crim.App. 1975).

Appellant's third ground of error is that the evidence was insufficient to sustain a conviction and cites as authority *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978) which we do not find to be controlling.

■ In this case, there was evidence that appellant admitted killing the deceased and thus there is no question of circumstantial evidence. *Daniels v. State,* 600 S.W.2d 813 (Tex.Crim.App.1980). Appellant's brief admits he was not entitled to a charge on circumstantial evidence. We find on a careful and thorough review of all the evi-

dence that the jury could have found all the essential elements of the offense charged beyond a reasonable doubt. *Wilson v. State,* 654 S.W.2d 465 (Tex.Crim.App.1983).

The judgment is

AFFIRMED.