TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-97-00820-CR







Benton Roy Morgan, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT


NO. 47,489, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING







 Appellant Benton Roy Morgan appeals his conviction for burglary of a habitation. Tex.
Penal Code Ann. § 30.02 (West 1994). After the jury found appellant guilty, he entered a plea of "true"
to the two prior felony convictions alleged for punishment enhancement purposes. The trial court assessed
punishment at 75 years' imprisonment.

 Appellant advances a single point of error. He contends that the trial court erred in refusing
his request to submit to the jury in the court's charge the lesser included offense of criminal trespass. We
will affirm the conviction.


Facts


 Lauree Dewitt testified that on the evening of March 6, 1997, she was in the Dirty Shame
Tavern in Temple with her boyfriend, Calvin "Tinker" Vickers. About 9:00 p.m., appellant, his nephew,
Douglas Morgan, and Terry Sue Owens came into the tavern. Appellant was Dewitt's former boyfriend. 
After Dewitt moved to the bar with Vickers, her purse was placed on a table behind her. The purse
contained a key to Room 114 of the Oasis Motel in Temple. Dewitt had obtained the key when she had
stayed at the motel a year earlier and had never returned it. About 10:00 or 10:30 p.m., Dewitt noticed
that her purse was missing. Appellant and his companions had left the tavern about five minutes earlier. 
The bartender told Dewitt that Douglas Morgan had taken the purse, but he (the bartender) had assumed
it belonged to Owens who was with Morgan and appellant. About forty minutes later, appellant and
Owens returned to the tavern and told Dewitt that Morgan had her purse. Dewitt never observed any
injuries on appellant but he seemed intoxicated to her.

 Robert Holman testified that on March 6, 1997, he had rented Room 114 at the Oasis
Motel. That evening he was drinking beer and visiting with a friend, Dedra "Dee" Quarles in the room
when two men entered and asked "Where's Tinker?" Holman told them that he did not know and to "get
the hell out" of his room. When the men did not leave after being told twice to do so, Holman pushed the
man he identified as appellant. Appellant reached around Holman and stabbed him twice in the back. 
Holman was able to push the men outside the door and lock it. Holman heard someone kicking the door
and heard something break. At this time, Holman was bleeding profusely and towels were used to stop
the hemorrhaging. He was taken to a hospital. Holman's back was scarred, and he suffered pain and
discomfort.

 Dedra Quarles related that she had gone to see Holman in Room 114 after he had
telephoned her. They were long-time friends. She arrived at the motel about 10:30 p.m. Later, when she
and Holman were talking, two men opened the door and walked in. She noticed a key in the door. She
identified appellant as one of the men. Quarles had seen him before but did not know his name at the time. 
She recalled that the men asked for "Tink." Holman told the men to leave but they kept coming into the
room. Holman began "cussing" and trying to shove the men out of the room. Quarles called the front desk
of the motel and 911.

 While Holman and appellant were scuffling, Quarles saw appellant reach around and stab
Holman. After appellant and his companion were ejected, they beat on the door and broke a window in
the room. Quarles attempted to stop Holman's bleeding and sought the aid of Holman's brother who was
in another motel room. At the hospital where Holman was taken, Quarles encountered Lauree Dewitt and
as a result of a conversation with Dewitt, Quarles was able to recall appellant's name.

 On cross-examination, Quarles testified that Holman had called appellant a "M - - - - - 
F - - - - -" and this is when the shoving match began.

 Temple Police Officer Bernard Brannum testified that about 10:50 p.m. he received a
dispatch about a stabbing at Oasis Motel and went to the scene to assist another officer. Shortly after
midnight, Brannum responded to another call and went to the Dirty Shame Tavern where appellant was
under arrest. When Brannum searched appellant at the scene, he found a black buck knife in appellant's
back pocket. The knife contained some reddish discoloration which appeared to the officer to be blood.

 Bexar County Jailer Douglas Maddox identified State's exhibits 21 and 22 as written
statements by appellant which he notarized at appellant's request while appellant was in jail. Detective
Wayne Corley found appellant's fingerprints on these exhibits, which were admitted into evidence. Each
exhibit contained a statement by appellant confessing that he had committed burglary of a habitation with
intent to commit aggravated assault. Each statement absolved appellant's nephew of any complicity in the
crime.

 Appellant did not testify and offered no evidence. He rested and closed with the State.


Indictment, Jury Charge, and Verdict


 The first paragraph of the indictment alleged burglary of a habitation without the effective
consent of the owner with the intent to commit the felony of aggravated assault. See Tex. Penal Code Ann.
§ 30.02(a)(1) (West 1994). The second paragraph of the indictment alleged burglary of a habitation
without the consent of the owner, Robert Holman, and thereafter attempted to commit and committed the
felony of aggravated assault against Robert Holman. See Tex. Penal Code Ann. § 30.02(a)(3) (West
1994). The trial court disjunctively submitted both offenses to the jury in the application paragraph of the
court's charge. Appellant objected to the trial court's failure to submit the lesser included offense of
criminal trespass. See Tex. Penal Code Ann. § 30.05 (West 1994). (1) The objection was overruled.

 The jury returned a general verdict finding that appellant was guilty of burglary of a
habitation "as charged in the indictment." Where different theories of the offense are submitted to the jury
in the disjunctive as in the instant case, a general verdict is sufficient if the evidence supports one of the
theories. See Fuller v. State, 827 S.W.2d 919, 931 (Tex. Crim. App. 1992), cert. denied, 509 U.S. 922
(1993); Kitchens v. State, 823 S.W.2d 256, 257-58 (Tex. Crim. App. 1991), cert. denied, 504 U.S.
958 (1992); 42 George E. Dix and Robert O. Dawson, Criminal Practice and Procedure, § 36.27 at
547 (Texas Practice 1995). (2)


Was Criminal Trespass a Lesser Included Offense?


 When the evidence raises an issue that a lesser included offense may have been committed
and a jury instruction thereon is properly requested, the issue should be submitted to the jury. Thomas v.
State, 699 S.W.2d 845, 849 (Tex. Crim. App. 1989); Moore v. State, 574 S.W.2d 122, 124 (Tex.
Crim. App. 1978).

 The starting point in any analysis of lesser included offenses is article 37.09 of the Code
of Criminal Procedure. Jacob v. State, 892 S.W.2d 903, 907 (Tex. Crim. App. 1995). Article 37.09
provides:


An offense is a lesser included offense if:


(1) it is established by proof of the same or less than all the facts required to establish the
commission of the offense charged;


(2) it differs from the offense charged only in the respect that a less serious injury or risk
of injury to the same person, property, or public interest suffices to establish its
commission;


(3) it differs from the offense charged only in the respect that a less culpable mental state
suffices to establish its commission; or 


(4) it consists of an attempt to commit the offense charged or an otherwise included
offense.



Tex. Code Crim. Proc. Ann. art. 37.09 (West 1981).

 There is a two-prong test for determining whether a jury must be charged on a lesser
included offense. It has become known as the "Royster" or "Royster-Aguilar" test. Aguilar v. State, 682
S.W.2d 556, 558 (Tex. Crim. App. 1985); Royster v. State, 622 S.W.2d 442, 447 (Tex. Crim. App.
1981). First, the lesser included offense must be included within the proof necessary to establish the
offense charged. Second, there must be some evidence in the record that if the defendant is guilty he is
guilty only of the lesser offense. The second prong of the test has now been modified to read "second,
some evidence must exist in the record that would permit a jury rationally to find that if the defendant
is guilty, he is guilty only of the lesser offense." Rousseau v. State, 855 S.W.2d 666, 672-73 (Tex. Crim.
App. 1993) (emphasis in original). "In applying the two-prong test, the trial court should make a
determination as to whether the evidence of the lesser offense would be sufficient for a jury rationally to
find that the defendant is guilty only of that offense, and not the greater offense." Id. (emphasis added). 
It was not the intent of the Court of Criminal Appeals to change the substantive test of Royster but only to
interpret and clarify the existing law. See Rousseau, 855 S.W.2d at 673 n.4; Ybarra v. State, 890
S.W.2d 98, 108 (Tex. App.--San Antonio 1994, pet. ref'd). The Rousseau court rejected the federal
standard, (3) but borrowed from it. Rousseau, 855 S.W.2d at 672-73.

 The elements of burglary of a habitation as charged in the first paragraph of the instant
indictment are:


(1) a person


(2) without effective consent of the owner


(3) enters a habitation


(4) with intent to commit aggravated assault, a felony.



See Tex. Penal Code Ann. § 30.02(a)(1) (West 1994).



 The elements of burglary of a habitation as charged in the second paragraph of the
indictment are:


(1) a person


(2) without effective consent of owner


(3) intentionally and knowingly 


(4) enters a habitation


(5) and commits or attempts to commit aggravated assault, a felony.



See Tex. Penal Code Ann. § 30.02(a)(3) (West 1994).

 The elements of criminal trespass are:


(1) a person


(2) without effective consent


(3) enters or remains on the property or in a building of another


(4) knowingly, intentionally, or recklessly


(5) when he had notice that entry was forbidden or received notice to depart and failed
to do so.



See Tex. Penal Code Ann. § 30.05 (West 1994); see also West v. State, 567 S.W.2d 515, 516 (Tex.
Crim. App. 1978); Langston v. State, 812 S.W.2d 406, 408 (Tex. App.--Houston [14th Dist.] 1991),
aff'd, 855 S.W.2d 718 (Tex. Crim. App. 1993); cf. Bustillos v. State, 832 S.W.2d 668, 674-75 (Tex.
App.--El Paso 1992, pet. ref'd).

 The offense of criminal trespass upon which appellant requested a charge as a lesser
included offense was that in effect at the time of the commission of the offense charged (March 6, 1997). 
(Tex. Penal Code Ann. § 30.05, since amended). (4) Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 1.01,
1993 Tex. Gen. Laws 3586, 3634. Criminal trespass may be a lesser included offense of all three types
of burglary under section 30.02 of the Penal Code. See Moreno v. State, 702 S.W.2d 636, 640 (Tex.
Crim. App. 1986); Daniels v. State, 633 S.W.2d 899, 900 (Tex. Crim. App. 1982). Merely because
a lesser offense is included within the proof of a greater offense, however, does not always warrant a jury
charge on the lesser offense. See Jones v. State, 833 S.W.2d 118, 127 (Tex. Crim. App. 1992), cert.
denied, 507 U.S. 922 (1993); Moreno, 702 S.W.2d at 640; Aguilar, 682 S.W.2d at 558. Not only must
it be shown that the elements of the lesser offense are within the proof necessary to establish the greater
offense, but there must be some evidence of record upon which a jury could rationally conclude that the
defendant is guilty only of the lesser offense. Schweinle v. State, 915 S.W.2d 17, 18 (Tex. Crim. App.
1996); Means v. State, 955 S.W.2d 686, 691 (Tex. App.--Amarillo 1997, pet. ref'd).

 In determining whether the trial court erred in failing to give a charge on the lesser included
offense, all of the evidence presented by the State and the defendant must be considered. Penry v. State
, 903 S.W.2d 715, 755 (Tex. Crim. App.), cert. denied, 116 S. Ct. 480 (1995); Harvard v. State, 800
S.W.2d 195, 210 (Tex. Crim. App. 1989) (op. on reh'g). If evidence from any source affirmatively raises
the issue of a lesser included offense, a defendant is entitled to an instruction thereon. See Bignall v. State,
887 S.W.2d 21, 24 (Tex. Crim. App. 1994). "After Rousseau, the only restriction placed on this evidence
is that it must permit a rational jury to find that the defendant is guilty [only] of the lesser offense . . . ." 
Bignall, 887 S.W.2d at 24. It is not enough, however, that the jury may disbelieve crucial evidence
pertaining to the greater offense. Id. Instead, "there must be some evidence directly germane to a lesser
. . . offense for the fact finder to consider before an instruction . . . is warranted." Id.; see also Skinner
v. State, 956 S.W.2d 532, 543 (Tex. Crim. App. 1997); Means, 955 S.W.2d at 691. Mere speculation
or surmise does not meet the test of the second prong of the Royster test. See Hall v. State, 682 S.W.2d
608, 609 (Tex. App.--Beaumont 1984, no pet.). Entitlement to a jury instruction on a lesser included
offense must be made on a case-by-case basis according to the particular facts. Livingston v. State, 739
S.W.2d 311, 336 (Tex. Crim. App. 1987), cert. denied, 487 U.S. 1210 (1988); Ybarra, 890 S.W.2d
at 108.

 If a defendant either presents evidence that he committed no offense or presents no
evidence, and there is no evidence otherwise showing that he is guilty only of a lesser included offense, then
a charge on the lesser included offense is not required. Bignall, 887 S.W.2d at 24; Jones v. State, 921
S.W.2d 361, 364 (Tex. App.--Houston [1st Dist.] 1996, pet. ref'd).


The Case Sub Judice


 Appellant presented no evidence. It must be determined whether evidence elicited during
the State's case-in-chief shows that he is guilty only of criminal trespass and not the burglary offense or
offenses charged. In a burglary prosecution, an accused's unauthorized presence in the building by itself
would not raise the issue of the lesser included offense of criminal trespass. There must be evidence
explaining the accused's unauthorized presence other than the intention to commit theft or felony. It is only
then that the issue comes up for consideration. Escamilla v. State, 635 S.W.2d 178, 180 (Tex. App.--El
Paso 1982, no pet.); see also White v. State, 698 S.W.2d 494, 495 (Tex. App.--Corpus Christi 1985,
no pet.). The State introduced appellant's notarized statement that the burglary of the habitation had been
committed by him with the intent to commit aggravated assault. See Jones v. State, 833 S.W.2d 118,
127-28 (Tex. Crim. App. 1992), cert. denied, 507 U.S. 92 (1993) (confession to greater offense negates
contention that defendant was guilty only of lesser offense). Moreover, the undisputed evidence showed
that after appellant's nonconsensual entry into the habitation he attempted to commit and did commit
aggravated assault upon Holman as alleged. The offense occurred at nighttime about 10:45 p.m. and after
a purse with a key had been stolen. (5) There was no evidence explaining appellant's unauthorized presence
other than intention to commit theft or aggravated assault, a felony or the commission after entry of
aggravated assault. There is no affirmative evidence that refutes or negates an element establishing the
greater offenses. Absent affirmative evidence raising the issue of criminal trespass as a lesser included
offense, no jury charge is required.

 Appellant relies upon Mitchell v. State, 807 S.W.2d 740 (Tex. Crim. App. 1991).
Moreno, 702 S.W.2d at 637-41, and Waddell v. State, 918 S.W.2d 91 (Tex. App.--Austin 1996, no
pet.). In each of these cases, the defendant testified or evidence was offered which clearly raised the issue
of the lesser included offense of criminal trespass. This is contrary to the instant case.


Conclusion


 We are not persuaded that the record permits a jury rationally to find that if appellant was
guilty of any offense, he was guilty only of criminal trespass and not the greater offense or offenses charged. 
The trial court did not err in refusing to submit the issue of the lesser included offense to the jury. 
Appellant's point of error is overruled.

 The judgment is affirmed.



 

 John F. Onion, Jr., Justice

Before Justices Powers, Kidd and Onion*

Affirmed

Filed: August 13, 1998

Do Not Publish














* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1988).


1. The 1997 amendment to section 30.05 of the Penal Code, Act of June 1, 1997, 75th Leg., R.S.,
ch. 1229, §§ 1, 2, 1997 Tex. Gen. Laws 4695, was not effective until September 1, 1997, and is not
applicable to the instant case.
2. We do observe that the jury found that appellant used or exhibited a deadly weapon during the
commission of the offense of which it had found appellant guilty. An offense of burglary with intent to
commit a felony or theft under section 30.02(a)(1) of the Penal Code is complete once entry is made into
the building or habitation with the appropriate intent. See Rodriguez v. State, 793 S.W.2d 744, 747 (Tex.
App.--San Antonio, 1990, no pet.) (citing Garcia v. State, 571 S.W.2d 896, 899 (Tex. Crim. App.
1978)). The evidence showed that appellant exhibited and used a deadly weapon only after he entered
the motel room while attempting to commit and committing aggravated assault. It could be argued that the
jury found appellant guilty of the burglary of a habitation offense under section 30.02(a)(3) as alleged in the
second paragraph of the indictment.
3. The federal standard provides that a defendant is entitled to a jury instruction on a lesser included
offense if (1) the elements of the lesser offense are a subset of the elements of the charged offense, and (2)
the evidence at trial permits a rational jury to find the defendant guilty of the lesser offense, yet acquit him
of the greater. See United States v. Fitzgerald, 89 F.3d 218, 220 (5th Cir. 1996); Cordova v.
Lynaugh, 838 F.2d 764, 767 (5th Cir.), cert. denied, 486 U.S. 1061 (1988).
4. See now Tex. Penal Code Ann. § 30.05 (West Supp. 1998). Act of June 1, 1997, 75th Leg.,
R.S., ch. 1229, §§ 1, 2 and 3, 1997 Tex. Gen. Laws 4695, effective September 1, 1997.
5. In a burglary prosecution, intent to commit theft (although not alleged in the instant case) may be
inferred from the circumstances. A nonconsensual entry into a habitation at nighttime is presumed (a
permissive inference) to have been made with intent to steal. See Wilkerson v. State, 927 S.W.2d 112,
115 (Tex. App.--Houston [1st Dist.] 1996, pet. ref'd).



ng the
greater offenses. Absent affirmative evidence raising the issue of criminal trespass as a lesser included
offense, no jury charge is required.

 Appellant relies upon Mitchell v. State, 807 S.W.2d 740 (Tex. Crim. App. 1991).
Moreno, 702 S.W.2d at 637-41, and Waddell v. State, 918 S.W.2d 91 (Tex. App.--Austin 1996, no
pet.). In each of these cases, the defendant testified or evidence was offered which clearly raised the issue
of the lesser included offense of criminal trespass. This is contrary to the instant case.


Conclusion


 We are not persuaded that the record permits a jury rationally to find that if appellant was
guilty of any offense, he was guilty only of criminal trespass and not the greater offense or offenses charged. 
The trial court did not err in refusing to submit the issue of the lesser included offense to the jury. 
Appellant's point of error is overruled.

 The judgment is affirmed.



 

 John F. Onion, Jr., Justice

Before Justices Powers, Kidd and Onion*

Affirmed

Filed: August 13, 1998

Do Not Publish














* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1988).


1. The 1997 amendment to section 30.05 of the Penal Code, Act of June 1, 1997, 75th Leg., R.S.,
ch. 1229, §§ 1, 2, 1997 Tex. Gen. Laws 4695, was not effective until September 1, 1997, and is not
applicable to the instant case.
2. We do observe that the jury found that appellant used or exhibited a deadly weapon during the
commission of the offense of which it had found appellant guilty. An offense of burglary with intent to
commit a felony or theft under section 30.02(a)(1) of the Penal Code is complete once entry is made into
the building or habitation with the appropriate intent. See Rodriguez v. State, 793 S.W.2d 744, 747 (Tex.
App.--San Antonio, 1990, no pet.) (citing Garcia v. State, 571 S.W.2d 896, 899 (Tex. Crim. App.
1978)). The evidence showed that appellant exhibited and used a deadly weapon only after he entered
the motel room while attempting to commit and committing aggravated assault. It could be argued that the
jury found appellant guilty of the burglary of a habitation offense under section 30.02(a)(3) as alleged in the
second paragraph of the indictment.
3. T