NUMBER
13-01-243-CR

 

                             COURT
OF APPEALS

 

                   THIRTEENTH
DISTRICT OF TEXAS

 

                                CORPUS
CHRISTI

___________________________________________________________________

 

CORNELIUS HUNT, JR.,                                                        Appellant,

 

                                                   v.

 

THE STATE OF TEXAS,                                                          Appellee.

___________________________________________________________________

 

                       On
appeal from the Criminal District Court

                                of Jefferson County, Texas.

__________________________________________________________________

 

                                   O
P I N I O N

 

        Before
Chief Justice Valdez and Justices Dorsey and Rodriguez

                                Opinion
by Justice Rodriguez

 








Appellant, Cornelius Hunt, Jr., entered a plea of not guilty to
the offense of burglary of a habitation. 
See Tex. Pen. Code Ann. ' 30.02(a)(1) (Vernon Supp. 2002). 
A jury found him guilty, and Hunt entered pleas of true to the
allegations in three enhancement paragraphs. 
The trial court sentenced Hunt to thirty years in the Institutional
Division of the Texas Department of Criminal Justice.  By three issues, Hunt claims the evidence was
insufficient to show the structure burglarized was a habitation, and the trial
court erred in denying his request for a charge on the lesser included offense
of burglary of a building.  We affirm.

I.  Sufficiency of the
Evidence

In issues two and three, Hunt challenges the legal and
factually sufficiency of the evidence to establish he burglarized a habitation.

A.  Standard of Review

When reviewing the legal sufficiency of the evidence, the court
must view the evidence in the light most favorable to the prosecution and
determine whether any rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt.  Johnson v. State, 23 S.W.3d 1, 7 (Tex.
Crim. App. 2000) (citing Jackson v. Virginia,
443 U.S. 307 (1979); Mason v. State, 905 S.W.2d 570, 574 (Tex. Crim. App. 1995)). 
For a factual sufficiency challenge, we conduct a neutral review of all
evidence, and set aside the verdict only if (1) it is so weak as to be clearly
wrong and manifestly unjust, or (2) the adverse finding is against the great
weight and preponderance of the available evidence.  Id. at 11.  

We must, however, always remain cognizant of the fact finder's
role and unique position, and give appropriate deference to the judgment of the
fact finder so as not to supplant the fact finder=s function as the exclusive judge of the
weight and credibility given to witness. 
Id. at 7, 9.  








The authority
granted in Clewis to disagree with the fact
finder's determination is appropriate only when the record clearly indicates
such a step is necessary to arrest the occurrence of a manifest injustice.
Otherwise, due deference must be accorded the fact finder's determinations,
particularly those determinations concerning the weight and credibility of the
evidence.  

 

Id. at 9; see Clewis v. State, 922 S.W.2d 126, 133 (Tex. Crim. App. 1996) (court authorized to disagree with jury=s
determination, even if probative evidence exists which supports verdict).

B.  The Law

AThe
determination whether a burglarized place is a >building= or >habitation= will be
overturned on appeal only if the appellant can show that no reasonable trier of fact could have found the place to have been a
habitation under the criteria above.@  Blankenship v. State,
780 S.W.2d 198, 209 (Tex. Crim. App. 1989).  A Abuilding@ means Aany enclosed
structure intended for use or occupation as a habitation or for some purpose of
trade, manufacture, ornament, or use.@  Tex. Pen. Code Ann. ' 30.01(2) (Vernon 1994).  AHabitation@ is defined as Aa structure or
vehicle that is adapted for the overnight accommodation of persons.@   Id. at '
30.01(1).  The Texas
Court of Criminal Appeals set out the following test to be used in determining
whether a structure is a habitation:








What makes a
structure Asuitable@ or Anot suitable@ for overnight
accommodation is a complex, subjective factual question fit for a jury=s
determination.  Their inquiry could be
guided by whether someone was using the structure or vehicle as a residence at
the time of the offense; whether the structure or vehicle contained bedding,
furniture, utilities, or other belongings common to a residential structure;
and whether the structure is of such a character that it was probably intended
to accommodate persons overnight (e.g. house, apartment, condominium, sleeping
car, mobile home, house trailer).  All of
these factors are relevant; none are essential or necessarily dispositive.

 

Blankenship, 780 S.W.2d at 209.

C.  The Facts

The home owner, Gary Tyler, testified he lived at 2755
Rockwell, Beaumont, Texas, for fourteen years. 
His home was damaged by fire in the fall of 2000.  Because of the fire and resulting smoke
damage, Tyler was staying at his sister=s apartment
until the repairs were completed.  He had
been there for a month or two when the burglary occurred.  Tyler indicated he had taken steps to make
sure his home was secured, but the intruders had torn through the plywood.  Tyler testified there was bedroom and living
room furniture in his home.  He also
identified jewelry, kitchen items and even knickknacks that were in his home at
the time of the burglary.  The house was
in general working order; the plumbing was intact, the gas was on, the house
was wired for electricity although it had been turned off, and the water was
readily available by turning it on from the outside.  Tyler testified he was at the residence every
evening to ensure that it remained secure.

Roy Cole, a neighbor to the burglarized home, testified that
people had been living in the residence, but had begun removing items from the
house in order to make repairs.  The
damaged portion of the home had been boarded up to keep it secure.








Lance Tiner, a police officer with
the Beaumont Police Department who responded to a call regarding suspicious
activity behavior at the Tyler home, testified the house had suffered fire
damage.  The room at the southeast
corner, where Hunt was found hiding in the closet, was almost completely
vacant, and looked like it had considerable smoke or fire damage.  The rest of the house was furnished, yet
slightly cluttered.  Items of property
were stacked throughout the house, in rooms not damaged by the fire.[1]  Nothing was boxed up to indicate anyone was
in the process of moving from the residence.

Patrolman Darrell Lebeouf, who was on
patrol with Officer Tiner that evening, testified a
fire had completely gutted the room that had its windows boarded.  The rest of the house had smoke damage.  However, the furniture was still in the house,
and the Tylers planned to move back as soon as the
insurance adjuster completed his work. 
The family had left their belongings in the house and went there daily
to clean up.  They had never moved out,
but were not sleeping in the house because of the damage.

Finally, Hunt testified he never saw anyone at the house when
he passed by.  He thought it was
abandoned.  Hunt also testified he
entered the house to sleep, and laid down on a bed in
the front bedroom.

D.  Analysis








Guided by the test set out in Blankenship, we conclude
the facts in this case are sufficient to establish the home was a Ahabitation.@  Although the house was unoccupied at the time
of the burglary, it had been occupied by the Tyler family for fourteen
years.  It was wired for electricity and
had water available.  Bedroom and living
room furniture and kitchen items were inside the house and available for
use.  Even Hunt, in his defense,
testified he entered the house to sleep, and went into a bedroom and laid down
on one of the beds.  Viewing the facts in
the light most favorable to the verdict, a rational trier
of fact could have found the house was a habitation.  See Johnson, 23
S.W.3d at 7.  Furthermore, after conducting
a neutral review of the evidence, we conclude the verdict is not so weak as to
be clearly wrong and manifestly unjust. 
Neither is the adverse finding against the great weight and
preponderance of the available evidence. 
See id.  We, therefore, conclude
the evidence is legally and factually sufficient to establish Hunt burglarized
a habitation.  Hunt=s second and
third issues are overruled.

II. 
Lesser Included Offense

By his first issue, Hunt contends the trial court erred in
denying him an instruction on the lesser included offense of burglary of a
building.  

A.  The Law

An offense is a lesser included offense if:

(1) it is established by proof of the same or less than all the
facts required to establish the commission of the offense charged;

 

(2) it differs from the offense charged only in the respect that
a less serious injury or risk of injury to the same person, property, or public
interest suffices to establish its commission;

 

(3) it differs from the offense charged only in the respect that
a less culpable mental state suffices to establish its commission; or

 








(4) it consists of an attempt to commit the offense charged or
an otherwise included offense.

 

Tex. Code Crim. Proc. Ann. art. 37.09 (Vernon
1981).  A charge on a lesser
included offense is required if (1) the lesser included offense must be
included in the proof necessary to establish the offense charged, and (2) there
is some evidence that if the defendant is guilty he is guilty only of the
lesser included offense.  Moore v. State, 969 S.W.2d 4, 8
(Tex. Crim. App. 1998); Rousseau v. State, 855
S.W.2d 666, 672 (Tex. Crim. App. 1993); Aguilar v.
State, 682 S.W.2d 556, 558 (Tex. Crim. App.
1985); Royster v. State, 622 S.W.2d
442, 444 (Tex. Crim. App. 1981); Sanders v. State, 963 S.W.2d 184, 187
(Tex. App.BCorpus Christi 1998,
pet. ref=d); see Tex.
Code Crim. Proc. Ann. art. 37.09
(Vernon 1981).  This test, first set out in Royster, 622 S.W.2d at 444, and later modified by Aguilar,
682 S.W.2d at 558, is known as the Royster
test.

B.  First Prong of Royster








The first prong of the Royster
test, in this case, has been met because it has been established that burglary
of a building is a lesser included offense of burglary of a habitation.  Allison v. State, 618 S.W.2d 763, 764
(Tex. Crim. App. 1981); Bartley v. State, 789
S.W.2d 288, 291-92 (Tex. App.BDallas 1990,
pet. ref=d) (citations
omitted).  However, a jury charge on the
lesser offense is not always warranted merely because the lesser included
offense must be included in the proof necessary to establish the offense
charged.  Jones v.
State, 833 S.W.2d 118, 127 (Tex. Crim. App.
1992); Moreno v. State, 702 S.w.2d 636, 640 (Tex. Crim.
App. 1986); Aguilar, 682 S.W.2d at 558. 

C.  Second Prong of Royster

To satisfy the second prong of the Royster
test, Asome evidence
must exist in the record that would permit a jury rationally to find
that if the defendant is guilty, he is guilty only of the lesser offense.@  Rousseau, 855 S.W.2d
at 672-73.  AIn applying the
two-prong test, the trial court should make a determination as to whether the
evidence of the lesser offense would be sufficient for a jury rationally to
find that the defendant is guilty only of that offense, and not the greater
offense.@  Id. 
All evidence presented by the State and the defendant must be
considered.  Penry v. State, 903
S.W.2d 715, 755 (Tex. Crim. App. 1995); Havard v. State, 800 S.W.2d 195, 210 (Tex. Crim. App. 1989) (op. on reh=g).  If evidence from any source affirmatively
raises the issue of a lesser included offense, a defendant is entitled to an
instruction thereon.  Bignall v. State, 887
S.W.2d 21, 24 (Tex. Crim. App. 1994).  It is not enough that the jury may disbelieve
crucial evidence pertaining to the greater offense.  Id. 
Instead, Athere must be
some evidence directly germane to a lesser . . . offense for the fact finder to
consider before an instruction . . . is warranted.@  Id. 
Entitlement to a jury instruction on a lesser included offense must be
determined according to the particular facts of each case.  Livingston v. State, 739 S.W.2d 311,
336 (Tex. Crim. App. 1987); Ybarra v. State,
890 S.W.2d 98, 108 (Tex. App.BSan Antonio
1994, pet. ref=d).








Considering all evidence presented by the State and defendant,
we conclude Hunt has failed to show some evidence in the record from which a
jury could rationally find that the structure was a building, not a
habitation.  See Rousseau, 855 S.W.2d at 672-73. 
Testimony that there was a fire at the home and Hunt thought the
home was abandoned, without more, is not enough.  Mere speculation or surmise does not meet the
test of the second prong of the Royster test.  See Hall v. State, 682 S.W.2d 608,
609 (Tex. App.BBeaumont 1984,
no pet.).  Moreover, Hunt also testified
he entered the rear of the house to sleep. 
He went into a bedroom in the front of the house and laid down on one of
the beds.  There is no evidence to show the
appellant would be guilty of only the lesser included offense.  The trial court did not err in refusing
appellant=s requested
instruction.  Accordingly, Hunt=s first issue
is overruled.

The judgment of the trial court is affirmed.                                                             

NELDA
V. RODRIGUEZ

Justice

 

Do not
publish.

Tex.
R. App. P.
47.3.

 

Opinion delivered and
filed

this 18th day of April,
2002.

 











[1]Tyler
later testified he had not stacked these items.