**Leon Oneal DANIELS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 63062.**

Court of Criminal Appeals of Texas, Panel No. 1.

June 9, 1982.

---

1. The challenged jury charge is set out in our discussion of appellant's third ground of error.

John T. Knouse, Dallas, for appellant.

Henry M. Wade, Dist. Atty., Maridell Templeton, R. R. Smith and Rick Russell, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before ROBERTS, TOM G. DAVIS and W. C. DAVIS, JJ.

## OPINION

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for burglary of a habitation. After the jury found appellant guilty it found that he had been convicted of a prior felony. Punishment was assessed at 30 years.

C. L. Jack is a friend of the complaining witness, Anita Simon. Jack was at Simon's apartment in the early morning hours of April 16, 1978. He testified to hearing a noise in the living room. He and Simon went up the hallway and saw appellant standing in the living room. Appellant unlocked the door and ran from the apartment. Jack pursued appellant and brought him back to the apartment. Simon testified that appellant told her he wanted to get her television set.

Officer E. D. Holsinger of the Dallas Police Department testified that he received a call and went to Simon's apartment. He observed that the front window screen was off and also observed injuries to appellant's elbows.

Appellant contends the court was in error "in refusing to submit appellant's requested charge on the lesser included offense of criminal trespass."

The offense of criminal trespass has been held to be a lesser included offense of burglary. *Day v. State*, Tex.Cr.App., 532 S.W.2d 302. In determining whether a charge on the lesser included offense is

required a two-step analysis was set forth in *Royster v. State*, Tex.Cr.App., 622 S.W.2d 442. First, the lesser included offense must be included within the proof necessary to establish the offense charged. Secondly, there must be some evidence in the record that if the defendant is guilty, he is guilty of only the lesser offense.

Appellant offered evidence from a number of witnesses that he had been drinking heavily prior to the occasion in question. Among the witnesses who testified as to his intoxicated condition were his mother and sister. Appellant lived intermittently at his sister's apartment which was located in the same complex as Simon's apartment. Appellant's mother, who also lived in the apartment, related that appellant came to the apartment prior to the time in question and she refused him admittance because of his intoxicated state. Appellant had previously been told not to come to the apartment when he was drunk and had on occasion gained entrance through a window of the apartment where he was refused admittance.

The appellant took the stand in his own behalf and his testimony reflects the following regarding his entry into the apartment in question:

"Q. ... Now, ... when you opened the window and went into this apartment, where did you think you were?

"A. I thought I was in my room. See, the room that I went in, I thought it was the room that my little niece sleeps in and I never do go to sleep in that room. You know, I always go to the front room.

"When I went in, I came through the room and when I got into the house, I was fixing to get down on my knees and crawl to the living room. Somebody say, 'Hey, nigger,' and I think that scared me and I thought it was my brother and I ran out.

" ...

"Q. Did you have any intention in your mind of stealing anything when you went into the apartment?

"A. No.

"Q. What was your intention?

"A. Go to sleep.

"Q. All right. Now, whose apartment did you think you were in?

"A. I thought I was in my mother's apartment—my sister's apartment."

The offense of criminal trespass under V.T.C.A. Penal Code, Sec. 30.05 consists of the following elements:

(1) a person

(2) without effective consent

(3) enters or remains on the property of or in a building of another

(4) knowingly or intentionally or recklessly

(5) when he had notice that entry was forbidden or received notice to depart but failed to do so. See *Day v. State*, supra 532 S.W.2d at page 306.

■ Appellant's testimony negated that he knowingly or intentionally entered the apartment of the complaining witness. The culpable mental state of "recklessly" is defined in V.T.C.A. Penal Code, Sec. 6.03(c) as follows:

"A person acts recklessly, or is reckless, with respect to circumstances surrounding his conduct or the result of his conduct when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint."

■ The testimony of appellant that he thought he was in his sister's apartment refutes that he was "aware of but consciously disregards a substantial and unjustifiable risk." Thus, appellant, in his own testimony, expressly denied that he had the required culpable intent of "knowingly or intentionally or recklessly" required to commit the offense of criminal trespass.

No error is shown in the court's failure to charge on criminal trespass.[1]

Appellant complains of improper jury argument by the prosecutors at the punishment stage.

In his jury argument at the punishment stage, appellant's counsel stated: "Remember that you are judging a human being's life and you are not sending him away for a little bit. If you send him away for the minimum, you are sending him away for fifteen years of his life."

During prosecutor Smith's jury argument, the following exchange occurred:

"Members of the jury, before I do anything else, let me disagree. I don't object, but let me disagree with a few things that Mr. Knause had to say.

" . . .

"Now, he tells you that . . . fifteen years is a long time for him to be serving down there. He tells you that he will serve fifteen years if you give him that. Well, that is just flat not true.

"You know from his mother that the last time he went down, he was there six months.

"MR. KNAUSE: Your Honor, I object to the prosecutor's statement as being in violation of the Court's instruction.

"MR. RUSSEL: I think Mr. Knause opened the door to that argument . . .

"He won't serve fifteen if he gets fifteen years and he won't serve fifty if he gets fifty.

"MR. KNAUSE: I object to that statement by Mr. Russel."

The court sustained both objections by appellant's counsel and instructed the jury not to consider any parole the appellant might receive in reaching its verdict on punishment. Appellant's counsel moved for mistrial which the court denied.

Later in his jury argument, prosecutor Smith said: "I think a life sentence is a proper sentence . . . If he can be rehabili-

tated, maybe they will have enough time to do it."

A jury in a felony case is not authorized to consider or apply the parole law in assessing punishment. Argument urging them to do so is improper and constitutes error. *Woerner v. State*, Tex.Cr.App., 576 S.W.2d 85; *Carrillo v. State*, Tex.Cr.App., 566 S.W.2d 902; *Clanton v. State*, Tex.Cr. App., 528 S.W.2d 250.

However, when defense counsel improperly suggests that a defendant will serve all of the sentence he is given, the prosecutor is allowed to make an explanatory statement showing the inaccuracy of defense counsel's remarks. *Clanton v. State*, supra; *Parish v. State*, Tex.Cr.App., 523 S.W.2d 665; *Hefley v. State*, Tex.Cr.App., 489 S.W.2d 115.

Error, if any, in the prosecutor's argument was rendered harmless by the court's instruction to disregard. *Thomas v. State*, Tex.Cr.App., 578 S.W.2d 691; *Wyatt v. State*, Tex.Cr.App., 566 S.W.2d 597; *Bradley v. State*, Tex.Cr.App., 489 S.W.2d 896.

No objection was voiced to the prosecutor's statement regarding appellant's rehabilitation. Nothing is presented for review. No error is shown.

The judgment is affirmed.

---

1. The court properly instructed the jury of the defense of mistake of fact. V.T.C.A. Penal Code, Sec. 8.02(a) provides: "It is a defense to prosecution that the actor through mistake formed a reasonable belief about a matter of fact if his mistaken belief negated the kind of culpability required for commission of the offense."