**Guadalupe OCHOA, Jr., Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–84–329–CR.**

Court of Appeals of Texas,
Corpus Christi.

Feb. 28, 1985.

Robert Weathers, Corpus Christi, for appellant.

Grant Jones, Dist. Atty., Corpus Christi, for appellee.

---

Before NYE, C.J., and BENAVIDES and SEERDEN, JJ.

## OPINION

BENAVIDES, Justice.

Appellant was indicted for the offense of burglary of a habitation. The State also alleged a prior conviction of aggravated robbery for enhancement purposes. Appellant elected to have the court assess punishment, and, after the jury found appellant guilty of burglary of a habitation, the court sentenced appellant to thirty years' confinement in the Texas Department of Corrections. We affirm.

Appellant does not challenge the sufficiency of the evidence; therefore, no recitation of the facts is necessary.

■ Appellant's first ground of error is a complaint that the trial court erred in failing to charge on the lesser included offense of criminal trespass. Appellant's brief merely argues that criminal trespass is a lesser included offense of burglary of a habitation. This is certainly true, *Daniels v. State*, 633 S.W.2d 899 (Tex.Crim.App. 1982), but does not address the issue of whether the evidence required submission of a charge on criminal trespass.

Appellant's counsel has not only failed to cite to any portion of the record *where* that evidence appears, thereby disregarding TEX.CODE CRIM.PROC.ANN. art. 40.-09(9.) (Vernon Supp.1984), but has also failed to even describe *what* that evidence might be.

■ This Court has examined the record, but has found nothing that would support submission of an instruction on criminal trespass. The Defendant did not take the stand at the guilt/innocence phase of the trial and we have found no competent evidence that required the trial court to submit a charge on criminal trespass. Therefore, appellant's first ground of error is overruled.[1]

■ In his second ground of error, appellant alleges that the trial court erred in admitting evidence of an involuntary extrajudicial statement. At trial, a police officer was allowed to testify that the appellant had stated to him that appellant had sold one of the stolen items (a lawn mower) and described the location at which and person to whom such stolen lawn mower was sold. Upon finding the location, the police officer did in fact recover the stolen lawn mower (taken from the burglary for which appellant was convicted and which conviction he appeals from herein).

TEX.CODE CRIM.PROC.ANN. art. 38.-22 § 3(a) (Vernon Supp.1985) provides that oral statements of an accused are inadmissible unless the State complies with certain safeguards. However, § 3(c) creates an exception for statements that lead to the discovery of secreted or stolen property. *See Marini v. State*, 593 S.W.2d 709 (Tex. Crim.App.1980). If appellant's statement was voluntarily made, then it was admissible under Art. 38.22 § 3(d).

The transcript contains an order by the trial court holding appellant's oral confession voluntary and admissible. That order includes findings that appellant was advised of his rights, was free of narcotics and intoxicants, and was aware of his actions. However, we have no record of that hearing in the record before us. Accordingly, the issue urged by appellant cannot be reviewed on the record before us. The burden to present a sufficient record is on the appealing party. *Rivera v. State*, 581 S.W.2d 161, 163 (Tex.Crim.App.1979). Appellant's second ground of error is overruled.

■ In his third ground of error, appellant alleges the trial court committed fundamental error and denied appellant his right to due process of law when the court refused to consider appellant's pro se motion to strike the enhancement paragraph of the indictment.

---

1. In appellant's brief, his counsel also complains that the trial court erred by refusing to submit an instruction on burglary of a building. Inspection of the transcript reveals that such an instruction was submitted, over counsel's objection, to the jury.

We have examined appellant's pro se motion and note that there is no request for a hearing. Contrary to the assertions now made in his brief, the transcription of the sentencing hearing suggests that the trial court considered appellant's motion, for the judge stated that he did not think he was "in error on the repeat felony."

In any event, appellant's complaint, that the enhancement paragraph must allege that the preceding conviction became final prior to the commission of the instant offense, is founded on the rule of *Ex parte Holley*, 339 S.W.2d 903 (Tex.Crim.App. 1960). *Ex parte Holley* was subsequently overruled by *Scott v. State*, 553 S.W.2d 361, 363 (Tex.Crim.App.1977). The averment in an indictment that a defendant has been convicted is sufficient to charge the finality of the alleged prior conviction. *Id.* The allegation of finality is no longer required and the indictment herein alleges a prior felony conviction and is not defective for failing to allege the finality of such conviction. Appellant's third ground of error is overruled.

The judgment of the trial court is AFFIRMED.