**Robert Earl WHITE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–84–408–CR.**

Court of Appeals of Texas,
Corpus Christi.

Oct. 17, 1985.

Steven Jabbour, Victoria, for appellant.

Wiley W. Cheatham, Cuero, for appellee.

Before NYE, C.J., and BENAVIDES and DORSEY, JJ.

## OPINION

NYE, Chief Justice.

A jury convicted appellant of burglary of a habitation. Punishment, enhanced through proof of prior felony offenses, was set by the court at twenty years in the Texas Department of Corrections. We affirm.

Appellant's sole ground of appeal is that the trial court erred in refusing to submit the lesser included offense of criminal trespass in its jury charge.

Criminal trespass is a lesser included offense of burglary of a habitation. *Daniels v. State*, 633 S.W.2d 899, 901 (Tex. Crim.App.1982); *Day v. State*, 532 S.W.2d 302, 306 (Tex.Crim.App.1976); *Ochoa v. State*, 688 S.W.2d 888 (Tex.App.—Corpus Christi 1985, no pet.).

The Texas appellate courts use a two-part test for determining whether a charge is required on a lesser included offense. First, the lesser included offense must be included within the proof necessary to establish the offense charged. Second, some evidence must be presented that, if the defendant is guilty at all, he is guilty of the lesser included offense only. *Aguilar v. State*, 682 S.W.2d 556, 558 (Tex.Crim. App.1985); *Denison v. State*, 651 S.W.2d 754, 759 (Tex.Crim.App.1983); *Royster v. State*, 622 S.W.2d 442, 444 (Tex.Crim.App. 1981). If raised by any evidence from any source, the charge must be given, regardless of the credibility of the evidence. *Hobson v. State*, 644 S.W.2d 473, 477 (Tex. Crim.App.1983); *Moore v. State*, 574 S.W.2d 122, 124 (Tex.Crim.App.1978); *Espericueta v. State*, 649 S.W.2d 336, 337 (Tex.App.—Corpus Christi 1983, no pet.). If the evidence at trial merely tends to show that a defendant committed no offense at all, he is not entitled to the instruction on a lesser offense. *McKinney v. State*, 627 S.W.2d 731, 732 (Tex.Crim.App.

1982); *McCardell v. State*, 557 S.W.2d 289, 290 (Tex.Crim.App.1977).

In a burglary case where an instruction on criminal trespass is at issue, the evidence must raise an issue that the defendant entered the premises unlawfully, but without the intent to commit a felony or theft. *Aguilar*, 682 S.W.2d at 558; *Day v. State*, 532 S.W.2d 302, 306 (Tex.Crim. App.1976).

Here, the State's principal witness, Joe Pompa, testified that he had just returned home from lunch when he encountered the appellant walking through his house carrying a sack of food. When Pompa accosted the appellant and asked him what he was doing in his house, appellant mumbled something to the effect that he belonged there. Pompa and the three peace officers who soon arrived on the scene all testified that appellant appeared to be in a drunken state. A subsequent inspection of the house showed that a kitchen window had been opened, the screen having first been forcibly removed. The bedroom of Joe Pompa's father was in complete disarray and appeared to have been searched.

The offense of criminal trespass, TEX. PENAL CODE ANN. § 30.05 (Vernon Supp.1985), consists of these elements: (1) a person (2) without effective consent (3) enters or remains on the property of or in a building of another (4) knowingly or intentionally or recklessly (5) when he had notice that entry was forbidden or received notice to depart but failed to do so. *Daniels v. State*, 633 S.W.2d 899, 901 (Tex.Crim.App. 1982); *Day v. State*, 532 S.W.2d 302, 306 (Tex.Crim.App.1976). The culpable mental state of element four is required for criminal trespass by virtue of TEX. PENAL CODE ANN. § 6.02 (Vernon 1974). This requires a culpable mental state where one is not mentioned in the definition of the offense. *Day* at 306.

We regard *Daniels v. State*, 633 S.W.2d 899, as directly in point. In *Daniels*, the appellant was caught after climbing in the window of an apartment. Convicted for burglary of a habitation, the appellant pointed to evidence that he was drunk and thought he was climbing in the window of his sister's apartment in the same complex. This evidence, he contended, required submission of his requested charge on criminal trespass. The Court of Criminal Appeals held that the charge was not required. Since Daniels thought he was in his sister's apartment, that negated the culpable mental state required for criminal trespass. The same evidence which Daniels contended disproved the burglary charge, also disproved the criminal trespass of Daniels.

The present case is no different. The evidence appellant points to was that he said he belonged in the house. The same evidence tends to show that he was not intentionally, knowingly or recklessly trespassing. *Daniels* at 901. *See* TEX. PENAL CODE ANN. § 6.03 (Vernon 1974). The evidence which appellant contends destroys the intent to commit a felony or theft (disproving burglary) also destroys the culpable mental state required for criminal trespass. We hold that the trial court did not err in refusing to charge on criminal trespass.

The judgment of the trial court is affirmed.