IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-92-492-CR




JANETTE BIBBS JOHNSON,


a/k/a SHARON WILSON,


a/k/a CHERYL JAMES,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT



NO. 41,669, HONORABLE J. F. CLAWSON, JUDGE PRESIDING


 





PER CURIAM

 A jury found appellant guilty of felony theft of property having a value of less than
$750. Tex. Penal Code Ann. § 31.03(e)(4)(E) (West Supp. 1993). The jury assessed punishment,
enhanced by two previous non-theft felony convictions, at imprisonment for sixty years.

 In point of error one, appellant contends the district court erred by permitting the
prosecutor to read to the jury portions of the indictment that were not jurisdictional, but served
only to enhance punishment. The indictment contained thirteen paragraphs. Paragraph one
alleged the primary theft. Paragraphs two through eleven alleged nine previous theft convictions. (1) 
Paragraphs twelve and thirteen alleged previous felony convictions for offenses other than theft. 
At the start of the guilt stage of trial, appellant asked that the prosecutor be allowed to read only
the first three paragraphs of the indictment. This request was denied and, over objection, the
prosecutor read the first eleven paragraphs of the indictment to the jury.

 When prior convictions are alleged for the purpose of enhancement only and are
not jurisdictional, that portion of the indictment reciting such convictions should not be read until
the punishment stage of trial. Tex. Code Crim. Proc. Ann. art. 36.01 (West Supp. 1993). Under
section 31.03(e)(4)(E), theft of property worth less than $750, ordinarily a misdemeanor, is a third
degree felony if the defendant has been convicted two or more times of any grade of theft. In a
prosecution under this section, the prior theft offenses are jurisdictional elements of the offense
that must be proved to support a finding of guilt. Gant v. State, 606 S.W.2d 867, 871 (Tex.
Crim. App. 1980). Appellant acknowledges this, but argues that because only two previous theft
convictions are needed under the statute, only two of the nine previous theft convictions alleged
in this indictment were truly jurisdictional. We disagree. The statute does not limit the State to
proof of only two prior theft convictions. We hold that the nine previous theft convictions alleged
in paragraphs two through eleven of the indictment were jurisdictional elements of the offense,
and that the district court did not err by permitting the prosecutor to read all of these paragraphs
to the jury at the guilt stage of trial. Point of error one is overruled. 

 In her second point of error, appellant complains of the admission in evidence of
state's exhibits 1, 1-A, 2, 2-A, 3, 4, 5, 6, 7, 8, 9, 10, 10-A, 13, and 14. These exhibits consist
of copies of court records from the previous convictions alleged pursuant to section 31.03(e)(4)(E)
and for enhancement of punishment. Appellant contends that the exhibits were inadmissible
because they reflect the punishment assessed in these various cases. For the same reason,
appellant's third point of error complains of the admission of State's exhibit 12, a chart listing the
prior theft convictions by date, offense, indictment paragraph, cause number, and sentence.

 The point of error is without merit with regard to exhibits 1, 2, and 10 because
these exhibits were not shown to the jury. Instead, the jury was shown exhibits 1-A, 2-A, and
10-A, containing the same documents with certain inadmissible material deleted. Appellant did
not preserve this point of error with respect to exhibits 1-A, 10-A, 13, and 14 because her trial
objection to these exhibits does not comport with the contention she now makes on appeal. Tex.
R. App. P. 52(a); Tex. R. Crim. Evid. 103(a)(1).

 Proof of a final conviction requires proof of a judgment and sentence. Langston
v. State, 776 S.W.2d 586, 587 (Tex. Crim. App. 1989). A judgment should include the term of
sentence. Tex. Code Crim. Proc. Ann. art. 42.01, § 1(15) (West Supp. 1993). The sentence is
that part of the judgment that orders that the punishment be executed. Tex. Code Crim. Proc.
Ann. art. 42.02 (West Supp. 1993). (2) The district court did not err by overruling appellant's
objection to state's exhibits 2-A, 3, 4, 5, 6, 7, 8, 9, and 12. Points of error two and three are
overruled.

 In point of error four, appellant contends the court erred by overruling her motion
for mistrial after the prosecutor made an improper sidebar remark. The incident occurred while
appellant was testifying. Appellant stated that on the night of the offense, she was wearing her
hair in a manner inconsistent with the complainant's description and had been for several months. 
At this point, defense counsel asked that the jury be excused and voiced the following objection:



 MR. BACHUS: Judge, I respectfully move for a mistrial on the basis of
the comments that the prosecutor just made, not testimonial, not under oath, but
clearly loud enough that I could hear it and have no doubt as to the words and I'm
seated as far from him as at least two members of the jury.


 In response to the questions that I gave the defendant concerning her hairdo
I heard Mr. Garza clearly say "I have seen her when it was not like that, when it
was pulled back" and when I heard him speak I saw him gesture to his head
indicating hair pulled back.


 Judge, I think that's an improper conduct on the part of prosecution [sic]. 
I think it was said loud enough to be heard. I think it did influence people and I
think it was intended to influence people.


. . . .


 MR. GARZA: For the purposes of the record, Judge, when I was saying
that, I was speaking to Miss Franklin [co-counsel] who is to my left. Mr. Bachus
is to my left. I was speaking away from the jury. I was whispering it to Mrs. [sic]
Franklin.



After asking co-counsel for the defense and a sheriff's deputy if they heard the prosecutor's
remark (one did, one did not), the court overruled the motion for mistrial. After the jurors were
returned, the court admonished them:



 THE COURT: Members of the jury, counsel are under instructions and
they know that they're not supposed to make side bar remarks and comments that
may be communicated to the jury. Sometimes they, in the heat of battle, they
misbehave and do make remarks and comments that it's inappropriate for you to
hear, and if by chance you have overheard any such comments or if you do at any
time overhear comments of counsel, you are instructed to totally disregard those
comments insofar as they might affect your deliberation on this case, that they are
not evidence and they are not to be considered by you for any purpose. 



 At the conclusion of trial and after the jurors had been discharged, but while they
were still seated in the jury box, the court asked them "if any of you overheard any conversations
between counsel during the trial of this case that had any effect upon your verdict in any way. .
. . I'm particularly concerned with those of you at this end of the jury box." After seeing the
jurors reactions to this question, the court stated, "I see at least four on that end of the jury that
say they did not and I take it that if they did not, the rest of you didn't overhear anything either. 
And if anything you did hear didn't have any effect on your verdict in any way."

 The burden is on the appellant to see that a sufficient record is presented to show
error requiring reversal. Tex. R. App. P. 50(d). The record before us reflects that while the
remark complained of was made by the prosecutor, it was not heard by the jury or, if it was, the
court's admonishment was sufficient to remove the prejudice. Appellant did not file a motion for
new trial in order to present evidence to the contrary. Because reversible error is not shown,
point of error four is overruled.

 In her fifth point of error, appellant complains of the following argument by the
prosecutor at the guilt stage:



 Finally I think that Mr. Bachus might get up here and say well, maybe, and
he's kind of implied, maybe the cashier rang up the meat and then pocketed the
money, you know. What I call these, folks, are rabbit trails. And they are
designed to lead you off the hurdle path. Okay?


 So I think by the time you even get to this you're going to have rabbit trails
from the defense. The cashier is the one, the cashier stole the money. And we
didn't see the meat leave the store. And by those means he's going to lead you off
your path. Okay?


 But I think what you'll find when you get to those and you take those paths
is that they're just dead ends.



Appellant contends that this argument was an improper attack on defense counsel. Gomez v.
State, 704 S.W.2d 770 (Tex. Crim. App. 1985). There was no objection to the argument at trial.

 The argument complained of is a far cry from that condemned in Gomez, where
the prosecutor accused defense counsel of manufacturing evidence and suborning perjury. We
hold that if the argument was improper, any prejudice could have been cured by an instruction to
disregard and that appellant waived the error by failing to object. Pogue v. State, 474 S.W.2d
492, 496 (Tex. Crim. App. 1971) (argument that the "defense sounds kind of like a courthouse
defense more than the truth" cured by instruction to disregard); Angel v. State, 694 S.W.2d 164,
173 (Tex. App.--Houston [14th Dist.] 1985), aff'd, 740 S.W.2d 727 (Tex. Crim. App. 1987)
(argument that defense tactic was "we know we did it, but how do we muddy the water" cured
by instruction). The fifth point of error is overruled.

 Finally, appellant complains of this argument by the prosecutor at the punishment
stage:



 Prison is not going to make her better. Janette is what she is. She told that
to you off the witness stand. I'm a thief and she's -- she sure has proved it. I
don't think there's any question about that. But I want you to take a look at just
one thing here. Last two times I saw Janette dealing with the May 1988 and
August 1990 theft felony crimes she was sent to the penitentiary for each time 15
years.


 Between May 6th of 1988 and August 3rd of 1990 the period of time she
was in the penitentiary you know what? Not one of those days did she commit a
crime by stealing from anybody else. . . .


 Now, Mr. Bachus was talking about well, there's no reason for you to
consider that she's going to get anything other than a day for day kind of sentence? 
Remember he said that? That's not the case. This is a non-aggravating offense.



Appellant argues that this argument asked the jury to consider parole when assessing punishment. (3) 
As before, appellant did not object to the argument when it was made.

 The prosecutor's argument was an apparent response to defense counsel's argument
that "there's no absolute indication that [appellant]'s going to serve any less than every day of the
full sentence that you assess." When defense counsel suggests that the defendant will serve all
of the sentence assessed by the jury, the prosecutor is entitled to reply. DeLaRosa v. State, 658
S.W.2d 162, 168 (Tex. Crim. App. 1983); Daniels v. State, 633 S.W.2d 899, 902 (Tex. Crim.
App. 1982). To the extent that the prosecutor's argument was improper, it could have been cured
had appellant objected and obtained an instruction to disregard. Daniels, 633 S.W.2d at 902;
Holloway v. State, 525 S.W.2d 165, 169 (Tex. Crim. App. 1975); Pringle v. State, 511 S.W.2d
35, 36 (Tex. Crim. App. 1974). The sixth point of error is overruled.

 The judgment of conviction is affirmed.


[Before Chief Justice Carroll, Justices Aboussie and Jones]

Affirmed

Filed: May 5, 1993 

[Do Not Publish]

1.   Paragraphs two and ten alleged the same previous conviction.
2.   Before 1981, the sentence was a separate document to the same effect. 
3.   For reasons that are not apparent from the record, the district court did not give the
statutory instruction on parole and good conduct time. Tex. Code Crim. Proc. Ann. art.
37.07, § 4(b) (West Supp. 1993).