Affirmed and Memorandum Opinion filed July 31, 2003















Affirmed and
Memorandum Opinion filed July 31, 2003.

 

 

                                                                              

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-01064-CR

____________

 

DONALD PAUL BUGGE, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

__________________________________________

 

On Appeal from
the 85th District Court

Brazos County, Texas

Trial Court
Cause No. 29,456F-85

 

__________________________________________

 

M E M O R A
N D U M   O P I N I O N

            Appellant was convicted by a jury of
the felony offense of burglary of a habitation and sentenced to 33 years’
confinement.  In challenging the conviction,
appellant contends the evidence was legally and factually insufficient to prove
he entered the habitation, the trial court erred in holding that appellant was
not entitled to a charge on the lesser included offense of theft between
$50-$500, and the trial court erred in holding that he was not entitled to a
charge on the lesser included offense of criminal trespass to a
habitation.  We affirm.








I.  Factual Background

            On the afternoon of April 18, 2002, Kara Van
Meter was pacing through the kitchen of her family home as she talked to a
friend on her cordless phone.  Through a
large front window, she saw a gray van slowly drive by her home.  The van was emblazoned with a “BUGGE
PLUMBING” logo.  Shortly thereafter, she
noticed the van had backed into her driveway and parked only a few feet from
her own vehicle.  Initially, Kara
suspected that a plumber had inadvertently parked in her driveway.  From inside her home, she stepped into her
garage and looked through the open garage door into the driveway.  On the other side of her own vehicle, she saw
a man whom she later identified as appellant. 
She asked him if she could assist him; he replied that he wanted to see
if her home needed any work.  Kara told
him that she did not need any plumbing services.  After walking around toward the rear of her
own vehicle, Kara noticed that appellant was rolling a bicycle toward the back
of his van.  She recognized it as her
husband’s bicycle, which she testified was always parked inside the garage
against the wall.  According to Kara,
appellant remarked that he was “just taking a look at your bike.”  Kara then took hold of the bicycle’s handle
bars and returned it to the garage.

            Appellant was later charged by
indictment with the felony offense of burglary of a habitation coupled with an
enhancement for a previous burglary conviction. 
After finding appellant guilty, the jury sentenced him to 33 years’
confinement.  This appeal ensued.

II.  Legal and Factual
Sufficiency

            Appellant contends that the evidence
was legally and factually insufficient to prove he entered the habitation.  When an appellant challenges both the legal
and factual sufficiency of the evidence, a reviewing court addresses the legal
sufficiency challenge first because an affirmative finding on that issue will
result in rendition of a judgment of acquittal, while a finding of factual
insufficiency warrants a remand for a new trial.  Nickerson
v. State, 69 S .W.3d 661, 668 (Tex. App.—Waco 2002, pet. ref’d).  In
conducting a legal sufficiency review, an appellate court must view the
evidence in the light most favorable to the prosecution and determine if any
rational fact finder could have found the crime’s essential elements to have
been proven beyond a reasonable doubt.  See Jackson v. Virginia, 443 U.S. 307, 319
(1979).  The reviewing court examines the
entire body of evidence; if any evidence establishes guilt beyond a reasonable
doubt, and the fact finder believes that evidence, the appellate court may not
reverse the fact finder’s verdict on grounds of legal insufficiency.  See id.  

            In reviewing for factual
sufficiency, an appellate court examines all the evidence without the prism of
“in the light most favorable to the prosecution” and sets aside the fact
finder’s verdict only if it is so contrary to the overwhelming weight of the
evidence as to be clearly wrong and unjust. 
See Clewis
v. State, 922 S.W.2d 126, 129 (Tex. Crim. App.
1996).  However, an appellate court
conducting a factual sufficiency review must be appropriately deferential so as
to avoid substituting its own judgment for that of the fact finder.  Id. at 133.
Accordingly, we are only authorized to set aside findings of fact in instances
where it is manifestly unjust, shocks the conscience, or clearly demonstrates
bias.  Id. at 135.

            The gravamen
of appellant’s sufficiency challenge is that the evidence is legally and
factually insufficient to establish that he entered the Van Meters’
garage.  Appellant contends the State
cannot establish an “entry” without certainty as to the bicycle’s specific
location at the relevant time on that afternoon.  A person “enters” a habitation if he intrudes
any part of his body or any physical object connected with the body.  See
Tex. Pen. Code § 30.02(b).  The State may show entry by circumstantial
evidence or inference.  See Gilbertson v. State, 563 S.W.2d 606,
608 (Tex. Crim. App. [Panel Op.] 1978); Garza v. State, 841 S.W.2d 19, 22 (Tex.
App.—Dallas 1992, no pet.); Brown v.
State, 804 S.W.2d 566, 570 (Tex. App.—Houston [14th Dist.] 1991, pet. ref’d).  In support
of this argument, appellant notes that Kara stated that she “believed” the
bicycle was in the garage on the day in question and conceded that she did not
actually see appellant enter the garage. 
When asked by the State if the bicycle was in her garage at the time in
question, she replied that she was “almost 

 class=Section3>

certain”
it was.  Appellant seizes upon this
alleged uncertainty in Kara’s testimony regarding the bicycle’s precise
location on the day in question.

            In response, the State directs our
attention to portions of  Kara’s
testimony wherein she affirmatively stated that the bicycle was in the garage
on that day.  Upon being shown Exhibit 7,
a photograph of a bicycle, Kara testified:

A.  That’s my husband’s bike.

Q.  And was this the bike on April
the 18th that was taken?

A.  Yes.

Q.  And was it in the garage on
April the 18th?

A.  Yes.

Furthermore,
during the State’s direct examination of Kara, the following exchange took
place:

Q.  At the point that you noticed
[appellant] what direction was he walking with the bike?

A.  Toward the edge of the
driveway.  Toward his van.

Q.  Toward his van.  And where had the bike been?

A.  It’s always parked right next
to the door into my house – against the wall - lean[ed] up against the wall by
the back door inside the garage.

Q.  And how many inches was it
from your back door?

A.  Two or three.

Q.  So it was clearly all the way
in the garage?

A.  Yes.

 

During
the State’s redirect examination of Kara, the following exchange took place:

Q.  Okay.  And was the bicycle in the garage?

A.  Yes.

Q.  And you had gotten home about
what time?

            A.  3:30 I think.

 

            Q.  And was the
bicycle in the garage?

            A.  Yes.

Q.  And had your husband between 3:30 and 4:00 come out and taken that
bike outside in any way?

A.  No.

Q.  In fact, were any of your
children’s bikes outside; or was there anything outside the garage?

A.  No.

 

            Additionally, Kara testified she was
“almost certain” it was parked inside the garage because her husband routinely
left it there upon returning home.[1]  Kara testified:

It’s always parked there [inside the garage].  My husband drives it into the driveway – or
into the garage and gets off of it and just leans it right there up against the
wall before he walks in the house.  And –
it’s always, always there; never anywhere else.

 

When
asked what the bicycle’s presence in the garage suggested to her, she replied:

That my husband is home.  That’s
– when I open the garage door with my garage door opener, I know if he’s home
or not because I can see the bike there.[2]                     

 

            In support of his argument that
Kara’s testimony was insufficient, he directs our attention to the following
excerpts of Kara’s testimony:

Q.  Had you actually seen
[appellant] in your garage?

A.  No.

Q.  First time you saw him he was
outside the garage on the far side of the van?

A.  Yes.

...

Q.  Are you telling the jury that
you specifically remember that the bicycle was there on that particular day or
is it just that that’s the normal place for the bike to be and that’s where you
think it was?  Can you tell this jury
that you remember for sure seeing that bike in that spot on that particular day
that afternoon?

A.  Yes, I believe it was there.

Q.  You believe it was there?

A.  Uh-huh.

 

            From this allegedly inconsistent
testimony, appellant argues that at best it was only probable that the bicycle
was in the garage at the relevant time and therefore the evidence is legally
and factually insufficient to support his conviction.  However, the inconsistencies or conflicts
were before the jury, who were the judges of the facts, the credibility of the
witnesses, and the weight to be given to the testimony.  Bowden
v. State, 628 S.W.2d 782, 784 (Tex. Crim. App.
1982); Hitt v. State, 53 S.W.3d 697, 709 (Tex.
App.—Austin 2001, pet. ref’d).  Additionally, as the judge of the credibility
of the witnesses, the jury can believe all, some, or none of the
testimony.  Chambers v. State, 805 S.W.2d 459, 461 (Tex. Crim.
App. 1991). 

            Kara’s testimony that she was
“almost certain” the bicycle was in the garage does not render the evidence
either legally or factually insufficient. 
See Hawkins v. State, 792
S.W.2d 491, 495 (Tex. App.—Houston [1st Dist.] 1990, no pet.) (finding
complainant's testimony regarding recognition of attacker, although equivocal,
sufficient to support conviction because “the question of credibility was one
for the jury to determine, not an appellate court”).  The evidence in the record supports a finding
that appellant entered the garage in order to remove the bicycle.  Kara’s testimony establishing that her
husband customarily placed the bicycle in the garage, coupled with the multiple
occasions on which she stated that the bicycle was in the garage on the day in
question, is sufficient to establish that appellant had to enter the garage to
gain possession of the bicycle.  See Kutzner v. State, 994 S.W.2d 180, 184 (Tex. Crim.
App. 1999) (noting that circumstantial evidence, alone, may be sufficient to
support a jury verdict); see also Brown,
804 S.W.2d at 570 (finding evidence sufficient to prove theft based in part on
complainant’s testimony that he customarily kept his car at a particular
location).

            We find the evidence, taken as a
whole, sufficient for a rational trier of fact to
conclude that appellant unlawfully entered the Van Meter’s garage, committing
burglary.  Additionally, the verdict was
not so contrary to the great weight of the evidence as to be clearly wrong.
Appellant’s first and second points of error are overruled.

III.  Lesser Included Offense
Instructions

            Appellant maintains that he was
entitled to an instruction on the lesser included offenses of theft and
criminal trespass to a habitation. 
Appellant makes this argument based upon his claim that the State failed
to establish that he actually entered the garage.

            If facts are elicited during trial
that raise an issue of a lesser included offense and a charge is properly
requested, then a charge on the issue must be given.  Ross v.
State, 861 S.W.2d 870, 877 (Tex. Crim. App.
1992).  The Court of Criminal Appeals has
established a two-prong test to determine whether a defendant is entitled to a
charge on a lesser included offense.  See Skinner v. State, 956 S.W.2d 532,
543 (Tex. Crim. App. 1997); Ford v. State, 38 S.W.3d 836, 842 (Tex. App.—Houston [14th
Dist.] 2001, pet. ref’d).  To prevail in his argument that he was
entitled to the instruction on the lesser included offenses, appellant must meet the following
test: 

[F]irst, the lesser included offense must be
included within the proof necessary to establish the offense charged, and, second,
some evidence must exist in the record that would permit a jury rationally to
find that if the defendant is guilty, he is guilty only of the lesser offense. 

 

Skinner, 956
S.W.2d at 543 (quoting Rousseau v. State,
855 S.W.2d 666, 673 (Tex. Crim. App. 1993)) (emphasis
added).

            In deciding whether the issue of a
lesser included offense is raised, we look to all the evidence presented at
trial.  Havard v. State, 800 S.W.2d 195, 216 (Tex. Crim.
App. 1989).  The credibility of the
evidence and whether it is controverted or conflicts
with other evidence may not be considered. 
Id.  Furthermore, it is not enough that the jury
may disbelieve crucial evidence pertaining to the greater offense.  Skinner,
956 S.W.2d at 543. Rather, there must be some evidence directly germane to a
lesser-included offense for the fact-finder to consider before an instruction
on a lesser-included offense is warranted. 
Id.

A.  Instruction on Theft

            The State concedes that theft is a
lesser included offense of burglary of a habitation.[3]  Therefore, we address only the second prong
of the test, that is, whether there was some evidence in the record that would
permit a rational jury to find that if appellant was guilty, he was guilty only
of theft.  See Hanson v. State, 55 S.W.3d 681, 698 (Tex. App.—Austin 2001,
pet. ref’d).  

            In this case, the elements of proof
for burglary are that appellant, without effective consent, entered the garage
and committed theft or attempted to commit theft.[4]  A person commits a theft if he appropriates property,
without the owner’s effective consent, with intent to deprive the owner of the
property.  Tex. Pen. Code § 31.03.    Appellant argues only that the State failed
to prove that he entered the garage.[5]  He reasons that because Kara was unable to
conclusively place the bicycle in the garage at the time of the alleged
appropriation, it is some evidence that the bicycle was somewhere other than
the garage, thus, entitling him to the instruction.  We disagree.

            Initially,
we reiterate our prior finding, that the State’s evidence sufficiently proved
appellant entered the garage to gain access to the bicycle.  Kara testified that the bicycle was in the
garage on the day in question and that it was always parked there.  Appellant did not testify otherwise.  Indeed, appellant did not present any direct
evidence in the case and relies merely on Kara’s supposed equivocation, set
forth previously, as evidence that he did not enter the garage.  However, “one aspect of a witnesses’
testimony, ‘cannot be plucked out of the record and examined in a vacuum.’” Rodriguez v. State, 90 S.W.3d 340, 368
(Tex. App.—El Paso 2001, pet. ref’d) (quoting Godsey v. State, 719 S.W.2d 578, 584 (Tex. Crim. App. 1986)). 
We must examine those statements which appellant relies on within the
context of all the evidence.  Id.  Kara testified several times - unequivocally
- that the bicycle was in the garage on the day in question and likewise, that
it was customarily parked in the garage when her husband was home.  Kara’s statements, that she “believed” the
bicycle was in the garage, and that she was “almost certain” it was there, do
not establish otherwise.  Kara did not
testify that the bicycle was anywhere other than in the garage.  If indeed there was any equivocation in
Kara’s testimony, a jury’s disbelief of evidence pertaining to the greater offense is not enough to
warrant submission of an instruction on a lesser included offense.  See
Skinner, 956 S.W.2d at 543.  Thus,
Kara’s statements do not entitle appellant to an instruction on a lesser
included offense.  Because Kara
affirmatively stated that the bicycle was in the garage on the day in question
and there was no direct evidence that appellant did not enter the garage to
gain possession of the bicycle, the trial court did not err in refusing
appellant’s request for a lesser included offense instruction on theft.  We overrule appellant’s point of error on
this issue.    

B.  Instruction on Criminal Trespass

            Appellant also contends that the
trial court erred in holding that he was not entitled to an instruction on the
lesser included offense of criminal trespass of a habitation.  The State argues that appellant failed to
preserve this argument for our review. 
However, assuming without deciding that appellant properly preserved the
issue,[6] we
conclude that appellant’s assertion is without merit.  

            Criminal trespass can be a lesser
included offense of burglary of a habitation.  See White v. State, 698
S.W.2d 494, 495 (Tex. App.—Corpus Christi 1985, no pet.); see also Daniels v. State, 633 S.W.2d 899, 900 (Tex. Crim. App. 1982). 
The determination must be made on a case-by-case basis.  Bui v.
State, 964 S.W.2d 335, 340 (Tex. App.—Texarkana 1998, pet. ref’d).  However,
here the State concedes that appellant has satisfied the first step of the
lesser included offense test and we proceed to the second prong.

            In a burglary case where an
instruction on criminal trespass is at issue, the evidence must raise an issue
that the defendant entered the premises unlawfully, but without the intent to commit
a felony or theft.  Day v. State, 532 S.W.2d 302, 306 (Tex. Crim.
App. 1976); White, 698 S.W.2d at
496.  In requesting the criminal trespass
instruction, appellant essentially argues that the taking of the bicycle was
without intent to permanently deprive and, therefore, was a trespass.  However, there is no evidence in the record
that, if guilty, appellant is guilty only of the offense of criminal
trespass.  Wyble v. State, 764 S.W.2d 927, 930 (Tex. App.—Amarillo 1989, pet. ref’d).  As Kara
testified, appellant’s van was driving slowly down her street, at a rate much
slower than other vehicles.  Appellant
then backed his van into the Van Meter’s driveway, despite the fact that the
Van Meters had not requested any services from Bugge
Plumbing.  Appellant was seen walking
away from the building with property belonging to the Van Meters.  Kara testified that he was rolling the
bicycle away from the garage and towards his van.  Based on this evidence, the assertion that
“the jury could find that he wasn’t actually stealing the bike but he had
entered the garage without her permission” does not suggest that appellant
would be guilty only of criminal trespass. 
Taken together, this would not permit a jury rationally to find that
appellant was guilty only of the
lesser offense.  See Skinner, 956 S.W.2d at 543–44.

            Accordingly, the trial court did not
err by refusing to give the criminal trespass instruction, and appellant’s
fourth point of error is overruled.

Conclusion

            For the foregoing reasons, the
judgment of the trial court is affirmed.

 

 

 

                                                                                    

                                                                        /s/        Eva M. Guzman

                                                                                    Justice

 

 

Judgment
rendered and Memorandum Opinion filed July 31, 2003.

Panel
consists of Justices Anderson, Seymore, and Guzman.

Do Not
Publish — Tex. R. App. P.
47.2(b).

 











            [1]  The State contends that Kara’s testimony
illustrates her husband’s habit of placing the bicycle inside the garage.
Evidence of the habit of a person is relevant to prove the conduct of the
person on a particular occasion was in conformity with the habit.  Tex.
R. Evid. 406. 
However, Rule 406 speaks to the admissibility, not the sufficiency, of
evidence.





            [2]  Kara also testified that her husband was home
during the incident. 





            [3]  We acknowledge that the law regarding theft
as a lesser included offense of burglary is somewhat unclear.  Compare
Garcia v. State, 571 S.W.2d 896, 899 (Tex. Crim.
App. [Panel Op.] 1978) (noting that burglary under section 30.02(a)(3) can
include the commission of theft) and
Martinez v. State, 635 S.W.2d 629, 630, 634 (Tex.
App.—Austin 1982, pet. ref’d) (finding that theft was
a lesser included offense of burglary), with
Ex parte Sewell, 606 S.W.2d 924, 924 (Tex. Crim. App. 1980) (“Where theft is not charged in a burglary
indictment it is not the lesser included offense thereof”) and Steward v. State, 830 S.W.2d 771, 774 (Tex. App.—Houston [14th
Dist.]1992, no pet.) (same).  See also George
E. Dix & Robert O. Dawson, Texas
Practice: Criminal Practice & Procedure § 20.201a (2001 & Supp.
2003) (noting that at least one appellate court has erroneously suggested that
“the degree of specificity of the charging instrument may affect the
availability at trial of lesser included offenses.”).  However, because the State concedes that
theft is a lesser included offense and the indictment charging appellant
alleges burglary by commission of theft, we assume without deciding that under
the circumstances of this case theft is a lesser included offense of
burglary.  





            [4]  A person commits burglary of a habitation if,
without the effective consent of the owner, he enters a habitation and commits
or attempts to commit a felony, theft, or an assault.  Tex.
Pen. Code § 30.02(a)(3).  





            [5]  Kara testified that appellant had entered the
garage without her consent and had testified regarding the value of the bicycle.  





            [6]  Assuming we found error in the trial court’s
ruling regarding the requested instruction, we would then be obligated to
address the preservation of error issue to properly conduct a harm analysis.  See
Posey v. State, 966 S.W.2d 57, 60 (Tex. Crim. App.
1998).